Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ JUAN BABILONIA CHAPEL<br><br>Peticionario<br><br>Vs.<br><br>NOELIA ANGÉLICA SANTOS SIERRA<br><br>Recurrido | KLCE202500590 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Sobre:  Divorcio – Ruptura Irreparable<br><br>Caso Núm.: AR2025RF00092 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de septiembre de 2025.

Comparece, el Sr. José Juan Babilonia Chapel ("Babilonia Chapel o peticionario") mediante el *certiorari* para que revisemos la *Orden* emitida y notificada el 28 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Utuado ("TPI"). Allí, el TPI suspendió provisionalmente las relaciones paternofiliales, y refirió el asunto a la Unidad Social de Familia y Menores. No obstante, el 30 de abril de 2025 el peticionario solicitó la reconsideración de dicha orden, pero fue declarada *NO HA LUGAR*.

Adicionalmente, el peticionario nos solicita que revisemos la *Orden* emitida el 14 de mayo de 2025.[1]

Examinada la totalidad del expediente, **denegamos** el presente recurso de *certiorari*. Veamos.

**-I-**

De los *autos* ante nuestra consideración surge que, el señor Babilonia Chapel instó el **30 de enero de 2025** una acción de

---

[1] Notificada el 15 de mayo de 2025.

divorcio por ruptura irreparable contra la Sra. Noelia Angélica Santos Sierra ("Santos Sierra o recurrida").[2]

Luego de varios trámites procesales, el **28 de febrero de 2025** el señor Babilonia Chapel presentó una demanda enmendada en la que propuso un plan para las relaciones filiales de los menores I.M.B.S. y J.J.B.S.[3] Entre otras cosas, solicitó que se declarara disuelto el vínculo matrimonial existente entre las partes, y concediera la patria potestad de los menores de manera compartida, mediante el plan sugerido. En **igual fecha**, el TPI autorizó la enmienda a las alegaciones presentada por el peticionario.[4]

Mediante *Orden* emitida el **11 de marzo de 2025**,[5] el TPI refirió el caso a la Unidad Social de Relaciones de Familia y Asuntos de Menores ("Unidad Social") para que realizara un estudio social sobre las relaciones filiales en un término de 75 días.[6]

El **13 de marzo de 2025**, el señor Babilonia Chapel sometió una *MOCIÓN URGENTE PARA ACLARAR EL RÉCORD, EN SOLICITUD DE ENMIENDA A REFERIDO A UNIDAD SOCIAL Y PARA QUE SE ESTABLEZCAN RELACIONES PROVISIONALES.*[7] En síntesis, solicitó que se estableciera de manera urgente las relaciones paternofiliales provisionales, y que se enmendara el referido a la Unidad Social para que se investigara tanto el asunto de custodia como el de las relaciones filiales.

Atendida la moción, el **14 de marzo de 2025** el TPI resolvió, en lo pertinente, que: "*[N]o Ha Lugar a la vista solicitada. El Tribunal esperará el informe social para celebrar vista. Se enmienda la orden a la Unidad Social para que incluya custodia compartida y/o monoparental.* [...]".[8]

---

[2] Apéndice del *Certiorari Civil,* págs. 1 – 3.
[3] *Íd.,* págs. 11 – 17.
[4] *Íd.,* págs. 18 – 19.
[5] Notificada el 12 de marzo de 2025.
[6] Apéndice del *Certiorari Civil*, pág. 24.
[7] *Íd.,* págs. 27 – 29.
[8] *Orden* notificada el 17 de marzo de 2025.; Apéndice del *Certiorari Civil,* pág. 30.

Inconforme, el señor Babilonia Chapel presentó el **18 de marzo de 2025** una *MOCIÓN URGENTE EN SOLICITUD DE RECONSIDERACIÓN.*[9]

Mediante *Resolución* emitida el **31 de marzo de 2025** y notificada el **4 de abril de 2025**, el TPI estableció las relaciones paternofiliales provisionales y la manera en que se iban a llevar a cabo las mismas.[10]

No obstante, el **22 de abril de 2025** la señora Santos Sierra solicitó la paralización de las relaciones paternofiliales provisionales ya que se había expedido de una *Orden de Protección* en el *OPA-2025-055089* a favor de la recurrida.[11] Dicha solicitud fue acogida por el TPI, por lo que el **28 de abril de 2025** las relaciones paternofiliales provisionales fueron suspendidas.[12]

Inconforme, el **29 de abril de 2025** el señor Babilonia Chapel presentó una solicitud urgente de reconsideración.[13] Sin embargo, el **30 de abril de 2025** fue declarada *No Ha Lugar* y se refirió el caso a la Unidad Social para que se realizara una investigación. El TPI añadió que evaluaría la seguridad de los menores para considerar establecer relaciones paternofiliales provisionales.[14]

El **6 de mayo de 2025**, la Trabajadora Social Karla Tirado Lorenzana ("TS Tirado Lorenzana") le recomendó al TPI que las relaciones paternofiliales provisionales se llevaran a cabo *"[l]os fines de semanas alternos, desde viernes a la 5:00 pm hasta domingo a la 5:00 pm. [...]".*[15] En la **misma fecha**, el señor Babilonia Chapel sometió una *RÉPLICA EN OPOSICIÓN A "URGENTE MOCIÓN PARA SUSPENDER RELACIONES PATERNO PROVISIONALES".*[16] Reiteró su

---

[9] Apéndice del *Certiorari Civil*, págs. 31 – 36.
[10] *Íd.*, págs. 37 – 40.
[11] *Íd.*, págs. 41 – 49.; Véase; *URGENTE MOCIÓN PARA SUSPENDER RELACIONES PARTERNO- PROVISIONALES* radicada el 22 de abril de 2025.
[12] Notificada el mismo día.; Apéndice del *Certiorari Civil*, pág. 50.
[13] *Íd.*, págs. 51 – 60.
[14] Orden emitida y notificada el 30 de abril de 2025.; Apéndice del *Certiorari Civil*, pág. 61.
[15] Apéndice del *Certiorari Civil*, págs. 62 – 63.
[16] Apéndice del *Certiorari Civil*, págs. 64 – 71.

solicitud para que se establecieran las relaciones paternofiliales provisionales como estaban fijadas desde el 4 de abril de 2025 —con un punto de entrega y recogida neutral—; y, si el TPI recomendaba relaciones filiales provisionales limitadas (aun cuando no existía ningún peligro para los menores), se debía ordenar una vista en garantía del debido proceso de ley.

Mediante *Orden* emitida y notificada el **12 de mayo de 2025**, el TPI tomó conocimiento de la moción de la TS Tirado Lorenzana.[17] Además, **ese mismo día**,[18] dispuso que las relaciones paternofiliales provisionales se discutirían en la vista del 14 de mayo de 2025.[19]

Celebrada la vista el **14 de mayo de 2025**,[20] ese mismo día el TPI emitió una *Orden*.[21] En lo pertinente, determinó:

> *[E]n cuanto a la identificación 3 y 4 el Tribunal se expresó en sala, no fueron descubiertas a la otra parte con antelación a la vista de discusión de relaciones paterno filiares provisionales. La vista solicitada y la prueba presentada fue informada por la representación legal del demandante, que tenía como propósito ampliar las relaciones paterno filiares incluyendo los miércoles. La parte demandada informó estar de acuerdo con que el demandante busque a los menores los miércoles a las 4 pm o antes de tener la disponibilidad el demandante y persona que asistirá en la entrega y recogido de los menores. y hacer entrega de los menores a las 7 p.m. en el estacionamiento del Krispy Kreme de Hatillo. Y que se relacionen fines de semana alternos de viernes a domingo. El Tribunal dictará resolución recogiendo los acuerdos que amplían las relaciones paterno filiares provisionales. El caso continúa ante la atención de la Unidad Social de Familia y Menores para el informe social.* [22]

Así las cosas, el **30 de mayo de 2025** el señor Babilonia Chapel recurrió ante nos mediante el recurso de *certiorari* y señaló el siguiente error:

> *ERRÓ EL TPI AL SUSPENDER Y LUEGO LIMITAR SIN FUNDAMENTO LAS RELACIONES FILIALES PROVISIONALES ESTABLECIDAS EN FAVOR DEL PADRE Y LOS MENORES CUANDO LOS MENORES NO CORRÍAN NINGÚN PELIGRO CON EL PADRE SEGÚN LA TRABAJADORA SOCIAL ASIGNADA AL CASO Y CUANDO EN LA ORDEN DE PROTECCIÓN EX PARTE EXPEDIDA EN FAVOR DE LA RECURRIDA SE ESTABLECIÓ QUE DEBÍAN MANTENERSE LAS RELACIONES FIJADAS, NEGANDO LA CELEBRACIÓN DE*

---

[17] *Íd.*, pág. 72.
[18] Notificada el 13 de mayo de 2025.
[19] Apéndice del *Certiorari Civil*, pág. 73.
[20] Véase; *MINUTA* de la Vista celebrada el 14 de mayo de 2025.; Apéndice del *Certiorari Civil*, págs. 78 – 81.
[21] Notificada el 15 de mayo de 2025.
[22] Apéndice del *Certiorari Civil*, págs. 82 – 83.

*UNA VISTA EVIDENCIARIA EN LOS MÉRITOS SOBRE RELACIONES PROVISIONALES EN VIOLACIÓN AL DERECHO CONSTITUCIONAL DE LOS MENORES A RELACIONARSE CON SU PADRE Y EL DEBIDO PROCESO DE LEY AL QUE TIENE DERECHO EL PETICIONARIO, DEJANDO AL ARBITRIO DE UNA MADRE QUE UTILIZA A SUS HIJOS COMO CARNADA CONTRA EL PADRE SEGÚN LA PRUEBA QUE SE OFRECERÍA AL TPI Y QUE NI SIQUIERA DEJÓ DETALLAR, CÓMO EL PADRE SE RELACIONA CON SUS HIJOS.*

De su parte, la señora Santos Sierra compareció el **31 de julio de 2025** mediante *"MEMORANDO EN OPOSICIÓN"*. Así, quedó sometido el asunto para la consideración del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[23] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[24]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** [...].[25]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes

---

[23] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[24] *García v. Asociación,* 165 DPR 311, 321 (2005).
[25] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[26]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[27]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[28]

**-III-**

En síntesis, el señor Babilonia Chapel nos plantea que el TPI erró al emitir sendas órdenes el 28 de abril de 2025 y 14 de mayo de 2025 relacionadas con las relaciones paternofiliales provisionales.

Un examen de las órdenes emitidas por el TPI nos mueve a determinar que son decisiones dentro del claro ejercicio de

---

[26] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[27] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[28] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada.

Aun cuando la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta para atender las determinaciones recurridas, no encaramos ninguna situación que motive a variar o revocar las mismas. Tampoco hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

Por lo cual, en el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, no intervendremos con las determinación recurridas.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** el recurso de *certiorari* solicitado*.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones